**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN KITCHEN DELIGHTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN SOULES FOODS, INC., and SEAFAX, INC., <br><br> Defendants. | No. 14 CV 646 <br><br> Judge Manish S. Shah |

**ORDER**

Plaintiff's motion for leave to file an amended complaint [40] is granted. The case is reopened. Plaintiff must file its amended complaint as a separate entry on the docket. Defendants shall answer or otherwise respond to the amended complaint within 21 days of its filing on the docket. A status hearing is set for 3/9/15 at 9:45 a.m.

**STATEMENT**

American Kitchen Delights, Inc. is a food manufacturer and private-label packager. Its meat supplier, John Soules Foods, Inc., refused to sell American Kitchen meat on credit. John Soules relied, at least in part, on negative credit reports concerning American Kitchen. Those reports were produced by Seafax, Inc. American Kitchen sued, alleging that Seafax's reports were defamatory and disparaging, and that John Soules's decision to deny credit was based on the ethnicity of American Kitchen's sole owner. On September 29, 2014, I granted defendants' motions to dismiss. [39]. American Kitchen moves for leave to file an amended complaint. For the reasons below, that motion is granted.[1]

---

[1] The September 29, 2014 Opinion and Order did not specify whether dismissal was with or without prejudice, but it terminated the case on that date. Dismissal should have been without prejudice. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given and is especially advisable after dismissal of the first complaint). I therefore consider plaintiff's motion for leave to amend as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. *See Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 839 (7th Cir. 2008); *Camp v. Gregory*, 67 F.3d 1286, 1289–90 (7th Cir. 1995). The motion is timely, as it was filed within 28 days of dismissal.

As it concerns defendant John Soules, the original complaint insufficiently alleged that John Soules's decisions were motivated by the race of plaintiff's sole owner, Shahnawaz Hasan.[2] [39] at 12. Plaintiff's proposed amended complaint adds several factual allegations aimed at clearing that hurdle. Specifically, plaintiff alleges that, in determining whether to extend credit, John Soules refused to weigh several of plaintiff's financial documents and references (and even accused plaintiff of forging its financial documents). [40-1] ¶ 43. Plaintiff alleges that John Soules's actions in that regard were based on Hasan's race. [40-1] ¶ 43. Plaintiff also alleges that "Defendant Soules has not given American Kitchen equal treatment for credit as with other customers due to Mr. Hasan's ethnic and racial heritage." [40-1] ¶ 39. John Soules argues that plaintiff's new allegations are conclusory and speculative. [46] at 8. But in the context of race-discrimination claims, plaintiff's allegations are sufficient. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084–85 (7th Cir. 2008); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781–82 (7th Cir. 2007).

As it concerns defendant Seafax, plaintiff's proposed amended complaint asserts two claims: one for negligence, and one for defamation. The negligence claim is new—it was not asserted in plaintiff's original complaint. Seafax opposes the negligence claim on two grounds. First, Seafax argues that the negligence claim is simply plaintiff's artful redrafting of its defamation claim, and that such artful redrafting is impermissible. [45] at 9. But Seafax cited no authoritative precedent in support of that argument, and at least one case allowed a negligent credit reporting claim to survive a motion to dismiss, even though the claim for defamation was dismissed as untimely. *Thomas v. CitiMortgage, Inc.*, 2004 U.S. Dist. LEXIS 13628, *5–7 (N.D. Ill. 2004).[3] It is common in this circuit for complaints to present

---

[2] As alleged, Hasan was not the credit applicant; the applicant was American Kitchen. The Equal Credit Opportunity Act prevents discrimination against an "applicant" "on the basis of race, color, . . . national origin," and other considerations. 15 U.S.C. § 1691. An "applicant" is any "person" who applies for credit, and a corporation can be a "person." 15 U.S.C. § 1691a(b), (f). Accordingly, courts have recognized that, under appropriate circumstances, such claims can be brought by a corporate plaintiff. *See New La. Holdings, LLC v. Arrowsmith*, 2012 U.S. Dist. LEXIS 173313, *19–28 (N.D. Ill. 2012) (discussing cases).

[3] Illinois state courts also permit pleadings, and even trials, in which a plaintiff pursues claims for both defamation and negligent credit reporting. *E.g.*, *Voyles v. Sandia Mortg. Corp.*, 196 Ill.2d 288 (2001) (reversing appellate court, and affirming trial court, which granted judgment for plaintiff on negligence claims, but rejected defamation claim for failure to prove special damages).

overlapping legal theories; that plaintiff's proposed amended complaint arguably does so is not a reason to prohibit it from being filed. Second, Seafax argues that it is "unclear" whether plaintiff will be able to eventually prove its negligence claim. [45] at 10. But arguing that plaintiff's chances of ultimate success are "unclear" does not demonstrate that its proposed claim is futile; such a demonstration is required when opposing a motion for leave to amend. *Barry Aviation*, 377 F.3d at 687.

Concerning the defamation claim against Seafax, I previously dismissed that claim for two reasons: because the complaint did not allege any defamatory act falling within the one-year limitations period, and because plaintiff had not adequately pleaded "special damages." [39] at 5–9. Plaintiff has cured the statute-of-limitations problem, by alleging a discrete defamatory publication in June 2013. [40-1] ¶¶ 32, 51. Seafax attacks this allegation as "false." [45] at 6. But to decide whether plaintiff's proposed amended complaint is futile, I accept its allegations as true. Plaintiff has also attempted to cure its prior failure to plead special damages. See [40-1] ¶ 53. Seafax argues that (1) at least some of the damages that plaintiff has alleged do not qualify as pecuniary "special damages"; (2) that some of plaintiff's claimed damages are not alleged with sufficient specificity; and (3) that some of plaintiff's claimed damages could not have resulted from an act of defamation falling within the statute of limitations. [45] at 7–9. Seafax will have the opportunity to fully develop these arguments on an appropriate motion. But because plaintiff has not had an opportunity to respond to these arguments, and because I have found that plaintiff's claims of race discrimination and negligence are not futile, Seafax's arguments do not present a compelling reason to deny plaintiff the opportunity to file its amended complaint.

Plaintiff's motion for leave to file an amended complaint [40] is granted. The case is reopened. Plaintiff must file its amended complaint as a separate entry on the docket. Defendants shall answer or otherwise respond to the complaint within 21 days of its filing.

ENTER:

Date: 1/23/15

Manish S. Shah
U.S. District Judge

3